NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1791
_____

JACK DOWNTON; BRIGITTE D'AGATI;
PAUL EVERETT; LOUIS GURSKE;
ROBERT WELDY; PATRICIA SCHNEYER,
                                                  Appellants
v.

KIRK PHONE; ROBERT BUCK;
DONALD HAYNES, JR.; HELEN HAYNES;
ARTHUR M. KOPP; ANTHONY PALONIS; FRED RHONE;
DARL HAYNES; RONALD BUGAJ; STARRUCCA BOROUGH
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-08-cv-01646)
District Judge: Honorable Edwin M. Kosik
_____

Submitted Under Third Circuit LAR 34.1(a)
July 14, 2011

Before:  RENDELL, SMITH and ROTH, <u>Circuit</u> <u>Judges</u>.

(Opinion Filed:  August 1, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Appellants challenge the District Court's grant of summary judgment in

favor of the Appellees on two grounds: (1) the finding of legislative immunity was

inappropriate because Appellees' conduct was not legislative in nature and (2) the act of creating the Committee established a custom or policy sufficient to impose liability on Starrucca Borough. Appellate jurisdiction is conferred upon us by 28 U.S.C. §§ 1291 and 1294(1). We exercise plenary review over the District Court's grant of summary judgment.[1] We will affirm.

Appellants, former members of the Starrucca Borough Council ("Former Council"), sued Appellees ("Present Council") and the Borough pursuant to 42 U.S.C. § 1983, citing First Amendment and Fourteenth Amendment claims for retaliation and due process violations. Former Council argues that Present Council created a deposition committee ("Committee") as a means to retaliate against them for differing political views. The District Court found that the Committee was immune from suit and granted Present Council's motion for summary judgment. In addition, the Court found that the Borough was not liable, because the Committee engaged in a single act with a single purpose and did not establish a custom or policy sufficient to impose liability on the municipality itself. Former Council filed a timely appeal.

First, Former Council contends that the Present Council's conduct was not legislative and not protected by legislative immunity. In *Youngblood v. DeWeese*, 352 F.3d 836, 840 (3d Cir. 2003), this Court held that legislative immunity applies

---

[1] *Creque v. Texaco Antilles Ltd.*, 409 F.3d 150, 152 (3d Cir. 2005).

to municipal governments.[2] In *Tenney v. Brandhove*, 341 U.S. 367 (1951), the U.S. Supreme Court articulated the test for determining whether an act is legislative by stating that the focus must be on the nature of the act rather than the motive. This Court clarified that test and held that there are two requirements for an act to be considered legislative in character: it must be "substantively" and "procedurally" legislative. *Ryan v. Burlington County, New Jersey, et al.*, 889 F.2d 1286, 1290-91 (3d Cir. 1989). In order for an action to be "procedurally" legislative, it must be "passed by means of established legislative procedures." *Id.* An action that is "substantively" legislative involves policy-making or line drawing decisions. *Acierno v. Coultier*, 40 F.3d 597, 611-12 (3d Cir. 1994).

As the District Court found, and the Appellant does not urge to the contrary in its brief, it is obvious that the procedural element is present;[3] therefore, the only question before us is whether the Present Council's actions were substantively legislative. Former Council argues that the Committee's actions were not legitimate legislative acts, because the questions posed to Former Council during depositions were not in keeping with the stated goal of resolving Borough financial problems. While it is true that the line of questioning in the depositions

---

[2] Municipal legislators enjoy the same legislative immunity as federal and state legislatures. *Youngblood v. DeWeese*, 352 F.3d 836, 840 (3d Cir. 2003). Similarly, legislative immunity shields public officials outside the legislative branch when they perform legislative functions. *Baraka v. McGreevy*, 481 F.3d 187, 195-96 (3d Cir. 2007) cert. denied 552 U.S. 1021 (2007).

[3] Committee was formed pursuant to the Borough Code and subpoenas were prepared, served, and enforced by the court, so there is no question that creation of the Committee and its actions were procedurally legislative.

was derailed by hostility and personal animus, it is clear to us that the interrogatories, which include 181 detailed questions, provide an accurate view of the intent and function of the Committee and are consistent with the stated purpose of resolving the Borough's financial problems. This supports the District Court's finding that the Committee was created as a discretionary policymaking action regarding budgetary matters and was appropriately deemed "substantively" legislative.

The second issue raised on appeal is whether the act of creating the Committee by Present Council amounted to custom or policy sufficient to impose liability on Starrucca Borough. Liability under 42 U.S.C. § 1983 attaches to the municipality only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (citing *Monell v. Dep. of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Here, we have but a single act alleged; namely, the creation of the Committee. To the extent that the Supreme Court has recognized a cause of action under §1983 for a custom or policy based on a single decision attributable to a municipality, the Supreme Court has done so only where the causal link between the municipality's conduct and the harm is clear, where, for example, the municipality itself specifically authorizes or directs the deprivation. *See County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 405-6 (1997). That is not the case here. Here, Former Council merely listed Starrucca Borough as a

4

defendant in their complaint and failed to offer any evidence to create the causal link required to establish municipal liability under § 1983. Thus, liability based on Present Council's action cannot attach to Starrucca Borough.

In light of the above, summary judgment was properly granted. We will affirm.